UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND BANTUM, #58949-060,

       Petitioner,

CASE NO. 19-CV-13690
v.                                 HONORABLE GERSHWIN A. DRAIN

J. A. TERRIS,

       Respondent.
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR A WRIT OF HABEAS CORPUS

**I.    Introduction**

Federal prisoner Raymond Bantum ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary decision which found him guilty of possession of a cell phone while confined at the Federal Correctional Institute in Glenville, West Virginia ("FCI Gilmore") and sanctioned with the loss of good conduct time in 2019. Respondent J. A. Terris is the warden at FCI Milan.

**II.    Facts and Procedural History**

Petitioner's pleadings indicate that he was charged with possession of a cell phone in November of 2018 after corrections officers found a cell phone tucked inside a magazine under his mattress. A disciplinary hearing was conducted. A corrections officer submitted an incident report. Petitioner denied the charge, claiming that the cell phone was not his and that it could have been put there by anyone because the area is open to other inmates. In January of 2019, relying upon the incident report, a Discipline Hearing Officer ("DHO")

found Petitioner guilty of possession of a cell phone based upon the reporting officer's description of the search as reflected in the incident report.

Petitioner appealed the DHO's decision to the Regional Office asserting that the cell phone was not his and that it was found in a common area and could have been placed there by anyone such that he is innocent and there was insufficient evidence to support the DHO's decision. The Regional Director upheld the DHO's decision finding that it was supported by the evidence that a corrections officer found a cell phone under Petitioner's mattress, that the area is not a common area as Petitioner is solely responsible for his assigned mattress, and that there was no evidence that the cell phone belonged to anyone else. Petitioner appealed to the Central Office for Inmate Appeals, which upheld the Regional Director's decision and denied the appeal.

Petitioner thereafter filed his federal habeas petition. He asserts that he is actually innocent of the charge and that there was insufficient evidence to support the disciplinary decision because the cell phone was not his and could have been placed under his mattress by anyone because the area is open to other inmates.

### III. Discussion

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the Court determines that the

petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review, the Court concludes that the petition must be denied.

Petitioner first asserts that he is entitled to habeas relief because his is actually innocent of the disciplinary charge. Claims of actual innocence, however, "have never been held to state a ground for federal habeas relief absent an independent constitutional violation" in the underlying proceeding. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Id.* In *House v. Bell*, the United States Supreme Court declined to answer the question left open in *Herrera* – whether a habeas petitioner may bring a freestanding claim of actual innocence. *See House v. Bell*, 547 U.S. 518, 555 (2006) (noting that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional and warrant federal habeas relief if there were no state avenue open to process such a claim").

Citing *Herrera* and *House*, the United States Court of Appeals for the Sixth Circuit has ruled that a free-standing claim of actual innocence, even one based upon newly discovered evidence, does not warrant federal habeas relief. *See Wright v. Stegall*, 247 F. App'x 709, 711 (6th Cir. 2007) ("Since the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that [Petitioner] is not entitled to relief under available Supreme Court precedent."); *Cress v. Palmer*, 484 F.3d 844, 854–55 (6th Cir. 2007); *see also Sitto v.*

3

*Lafler*, 279 F. App'x 381, 381-82 (6th Cir. 2008) (affirming denial of habeas relief on similar claim); *Thomas v. Perry*, No. 2:11-CV-14363, 2013 WL 1747799, *6 (E.D. Mich. April 23, 2013) (denying habeas relief on newly-discovered evidence claim). Petitioner thus fails to state a claim upon which relief may be granted as to this issue. Habeas relief is not warranted on this claim.

Petitioner also asserts that he is entitled to habeas relief because there was insufficient evidence to find him guilty of possession of a cell phone. It is well-established that a decision by a prison disciplinary body must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). "Some evidence" is a lenient standard and even meager proof is sufficient to satisfy the standard. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A reviewing court need not examine the complete record, assess witness credibility, nor weigh the evidence. Rather, the court merely ensures that the disciplinary decision is not arbitrary, *Superintendent*, 472 U.S. at 457, and determines "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

In this case, the record reveals that the DHO reviewed the evidence presented at the disciplinary hearing and relied upon the incident report in finding Petitioner guilty of the charged violation. The reporting officer stated, and Petitioner does not deny, that a cell phone was found tucked inside a magazine under Petitioner's mattress during a search of the area. Such evidence is sufficient to support the disciplinary decision. To be sure, Petitioner does not deny that an unauthorized cell phone was found under his mattress. The fact that Petitioner claimed, and continues to assert, that the cell phone was not his and could have been put under his mattress by someone else is of no consequence. As discussed, "'some evidence' is all that is needed to support the action of a prison

4

disciplinary board." *Williams v. Bass*, 63 F.3d 483, 486 (6th Cir. 1995) (citing *Superintendent v. Hill, supra*). It is not the function of the federal courts to assess the credibility of witnesses or to weigh the evidence. *Id.*; *see also Hayes v. Hickey*, No. 10-CV-18-KSF, 2010 WL 1740875 (E.D. Ky. April 28, 2010) (summarily denying habeas relief on similar challenge to prison disciplinary decision). The fact that an unauthorized cell phone was found under Petitioner's mattress during a prison search constitutes some evidence to support the disciplinary decision. Petitioner thus fails to establish a violation of his constitutional rights. Habeas relief is not warranted on this claim.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his pleadings. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS ORDERED**.

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2020

5

CERTIFICATE OF SERVICE

Copies of this Order were served upon parties and/or attorneys on January 30, 2020, by electronic and/or ordinary mail.

<u>s/Teresa McGovern</u>
Deputy Clerk
26